## Orloff v. Kushner Brothers Building and Loan Association et al.

*R. R. Gould,* for plaintiff.

*Edwin C. Emhardt,* for Secretary of Banking.

*Marshall H. Morgan,* for Recorder of Deeds.

ALESSANDRONI, J., February 15, 1952.—This matter comes before the court on a petition of the Secretary of Banking of the Commonwealth of Pennsylvania to show cause why the judgment entered by default against Kushner Brothers Building and Loan Association, a corporation, should not be stricken from the record, and the Secretary of Banking be substituted for corporate defendant named.

On March 19, 1925, Sadie and Harry Schatz executed and delivered to Kushner Building and Loan Association a bond and mortgage on the premises 4815 Parrish Street, Philadelphia, to secure repayment of a loan of the principal sum of $3,500. The mortgage was duly recorded in Mortgage Book J. M. H. 4426, page 227, etc. The mortgagors are now deceased and plaintiff succeeded to title in the premises by inheritance.

Kushner Building and Loan Association went into voluntary liquidation in 1930. The liquidating trustee filed his account in 1940 and was apparently discharged. The mortgage was a second lien on the property and was valued at $1 by the trustee; the state of the real estate market then prevailing indicated little likelihood of ever realizing on the asset.

On October 18, 1949, plaintiff instituted an action to quiet title to have the mortgage satisfied of record, relying on the presumption of payment, over 23 years having elapsed since default. Service was made by the sheriff on the Secretary of Banking, c/o Closed Building and Loan Associations Department. The trustee was not served with the complaint; no answer was filed. Plaintiff entered judgment by default. On November 22, 1949, after judgment had been entered, the Secretary of Banking filed an answer denying payment and the applicability of any presumption thereof.

A rule was taken by the Secretary of Banking on December 15, 1951, to show cause why the judgment should not be stricken and a substitution as defendant be made. On December 7, 1951, a certificate of possession of the assets of the Kushner B. & L. was filed by the secretary.

The narrow issue presented by a petition to strike a judgment is its validity as such: Bell v. Truitt, 14 Del. Co. 110. The validity is determined from the record; if there is a defect, then the court must grant the petition. Striking a judgment differs from merely opening in that the latter depends on the court's discretion, the former generally does not. Failure to make proper service of process will render a judgment entered by default for want of an appearance or answer or both a nullity. Petitioner challenges the service of process.

The complaint was served on the Secretary of Banking c/o Closed Building and Loan Associations Department. Petitioner has no standing to complain if this service was sufficient. The Secretary of Banking had no authority to accept service on behalf of defendant corporation. Under the applicable section of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-1 et seq., 1074-1110, the Secretary of Banking has the authority to take possession of the assets of a building and loan association for the protection of the creditors and shareholders. Unless and until the secretary took possession, he lacked authority to accept service of process on a building and loan association such as defendant in this case.

The corporation apparently existed in a state of suspended animation. The necessary steps to complete its dissolution under section 1074-1204 were never taken. When the corporation went into voluntary liquidation title to its assets passed to the trustee for the benefit of its creditors and shareholders. When the

trustee filed his account and was discharged, there could be but two results: (1) Title to any unliquidated assets remained in the trustee, or (2) the title was revested in the corporation. The legal result is the same regardless of the view selected. The corporation could not act for itself. The Secretary of Banking lacked authority to act for it. The only person legally capable of acting for the corporation was the liquidating trustee. His prior discharge relieved him of personal liability only; any other construction of the discharge would deny the existence of anyone with the capacity to act for the corporation.

This conclusion is strengthened by section 1109 (A) of the Building and Loan Code, supra, which authorizes the Department of Banking to appoint a liquidating trustee if " . . . such liquidating trustee dies, resigns, or for any reason becomes unable to perform the duties of a liquidating trustee . . .".

The Act of April 26, 1869, P. L. 1223, authorizes a building and loan to continue transactions necessary to winding up its business even after its charter has expired. In Harmony Building Association v. Berger, 17 Phila. 314, the court said that even if the corporation had dissolved, the debt owed to the corporation could be enforced by the sequestrator. The instant case presents the converse situation, the trustee can defend against the attempts of the debtor to have the debt satisfied where payment or the applicability of the presumption thereof is denied. The judgment is fatally defective because of failure to serve the trustee.

Even though the opposite result were reached on the service of process, plaintiff would not be entitled to enforce her default judgment. The same result could be reached on equitable principles inasmuch as this asset existed not for the benefit of plaintiff, but for the benefit of creditors and shareholders of defendant corporation who in all probability failed to realize

their claims in full. In good conscience and equity these are the classes who should be protected and not plaintiff, who is in effect merely a volunteer. The fact in dispute is whether or not the debt is still due. The presumption of payment after passage of time is by no means conclusive, and may, therefore, be rebutted. For a discussion of the equitable principles set forth above see President Judge Smith's opinion in In re Fischetti et ux., 53 D. & C. 212.

It is clear, as has been demonstrated, that the service of process was fatally defective and therefore the judgment entered by default is a nullity.

### Order

And now, to wit, February 15, 1952, the rule to show cause why the judgment should not be stricken from the record is made absolute and the Secretary of Banking is substituted as defendant in place of Kushner Building and Loan Association, a corporation.